IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ANGELA W.,**[1]

      **Plaintiff,**

v.

      Civil Action 2:22-cv-3697
      Judge James L. Graham
      Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Angela W., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Supplemental Security Income benefits.  Pending before the Court is Plaintiff's Statement of Errors (ECF No. 11), the Commissioner's Memorandum in Opposition (ECF No. 12), and the administrative record (ECF No. 7).  Plaintiff did not file a Reply.  For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's non-disability decision.

**I.  BACKGROUND**

Plaintiff protectively filed her application on January 12, 2016, alleging disability beginning January 1, 2015, due to a bad back, breathing problems, and acute asthma.  (R. at 231-235, 266.)  Plaintiff's application was denied initially in February 2016, and upon reconsideration in July 2016.  (R. at 104-111, 113-122.)  Plaintiff sought a *de novo* hearing

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

before an administrative law judge. (R. at 137-154.) Plaintiff failed to appear at her first scheduled hearing on March 16, 2018, but on August 3, 2018, she appeared and testified at a hearing held by an administrative law judge while represented by counsel. (R. at 61-103.) A vocational expert ("VE") also appeared and testified. (*Id.*) On October 19, 2018, administrative law judge Timothy Gates (the "ALJ") issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 37-60.) On September 17, 2019, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, which became the Commissioner's final decision. (R. at 1-32.) Plaintiff then timely commenced the instant action.

## II. RELEVANT RECORD EVIDENCE

The Undersigned has thoroughly reviewed the transcript, including Plaintiff's medical record, function and disability reports, and testimony about her conditions and resulting limitations. Given the claimed error raised by Plaintiff, rather than summarizing that information here, the Undersigned will refer and cite it as necessary in the below discussion.

## III. ADMINISTRATIVE DECISION

On October 19, 2018, the ALJ issued the non-disability determination. (R. at 37-60.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

2

substantially gainful activity since January 12, 2016, the application date. (R. at 42.) The ALJ then found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine status post fusion surgery, degenerative disc and joint disease of the thoracic spine, asthma, and essential hypertension. (*Id.*) She further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 47.)

Before proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC"), in pertinent part, as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except [Plaintiff] can frequently kneel, crouch, and climb ramps and stairs, and can occasionally stoop, crawl, and be exposed to extreme heat, extreme cold, humidity, wetness, dusts, odors, fumes, gases, and other pulmonary irritants, but she can never climb ladders, ropes, or scaffolds.

(*Id.*) Then, at step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as an office manager, which does not require the performance of work-related activities precluded by her RFC. (R. at 53.) At step five, relying on the VE's testimony, the ALJ concluded that Plaintiff can perform other jobs that exist in significant numbers in the national economy. (R. at 54-55.) The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since January 12, 2016, the date the application was filed. (R. at 55.)

---

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

## IV. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, c, 406 (quoting *Key v. Callahan*, 119 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

4

## V. ANALYSIS

Plaintiff submits one assignment of error, arguing that the ALJ erred in evaluating the medical opinion evidence in the record.  (ECF No. 11.)  Specifically, Plaintiff argues that the ALJ improperly assigned only "[s]ome weight" to the September 9, 2016 opinion of Suman Sharma, M.D., Plaintiff's treating provider, and assigned only "[l]ittle weight" to a September 15, 2016 functional capacity evaluation ("FCE") completed by occupational therapist Chris D. Banks.  (*Id.* at PAGEID ## 806-810.)  Plaintiff believes that this amounts to reversible error because "the reasons outlined by the ALJ . . . are ultimately not supported by the evidence and [are] not clearly articulated under the relevant standards."  (*Id.* at PAGEID # 809.)  In response, the Commissioner submits that "Plaintiff's arguments primarily account to an impermissible request to have the Court reweigh the evidence in her favor," and argues not only that the ALJ's RFC was supported by substantial evidence, but also that the ALJ properly evaluated the medical opinions in the record.  (ECF No. 12 at PAGEID ## 815-825.)  Plaintiff did not file a reply brief, so the matter is ripe for judicial review.

The ALJ must consider all medical opinions that he or she receives in evaluating a claimant's case.  20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive.").  Here, the applicable regulations[3] define "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 416.927(a)(1); *see*

---

[3] Claims filed after March 27, 2017 are governed by revised regulations redefining how evidence is categorized and evaluated when an RFC is assessed.  *See* 20 C.F.R. §§ 404.1513(a), 404.1520c.  Because Plaintiff filed her underlying claim on January 12, 2016, the revised regulations do not govern here.

5

*also* SSR 96–8p, 1996 WL 374184, *7 (July 2, 1996) ("The RFC assessment must always consider and address medical source opinions.").

Under the applicable regulations, the ALJ generally gives deference to the opinions of a treating source "since these are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone . . . ." 20 C.F.R. § 416.927(c)(2); *Blakley*, 581 F.3d at 408. If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [Plaintiff's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2).

If the ALJ does not afford controlling weight to a treating physician's opinion, however, then they must meet certain procedural requirements. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Specifically, if an ALJ does not give a treating source's opinion controlling weight:

> [A]n ALJ must apply certain factors—namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion.

*Id.*

Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [a] treating source's opinion." 20 C.F.R. § 416.927(c)(2). Accordingly, the ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x

6

543, 550 (6th Cir. 2010) (internal quotation omitted).  The United States Court of Appeals for the Sixth Circuit has stressed the importance of the good-reason requirement:

> "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

*Wilson*, 378 F.3d at 544–45.  Thus, the reason-giving requirement is "particularly important when the treating physician has diagnosed [Plaintiff] as disabled." *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (citing *Rogers*, 486 F.3d at 242).  There is no requirement, however, that the ALJ expressly discuss each of the *Wilson* factors within the written decision. *See Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010) (indicating that, under *Blakley* and the good reason rule, an ALJ is not required to explicitly address all six factors within 20 C.F.R. § 404.1527(c)(2) for weighing medical opinion evidence within the written decision).  Finally, the Commissioner reserves the power to decide certain issues, such as a claimant's residual functional capacity.  20 C.F.R. § 404.1527(d). Although the ALJ will consider opinions of treating physicians "on the nature and severity of your impairment(s)," opinions on issues reserved to the Commissioner are generally not entitled to special significance.  *Id.*; *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007).

Against that background, the ALJ provided the following discussion of Dr. Sharma's September 9, 2016 opinion, and Mr. Banks' accompanying FCE:

> **Little weight is given to the opinions provided in [Mr. Banks' FCE].** This opinion, provided by an occupational therapist, is based on a one-time examination and is consistent with itself, as well as the overall records. The examination is consistent with a sedentary exertional level, with combined standing and walking

7

> noted to be a maximum total of 48 percent of the workday. Within this examination, however, it was also noted that [Plaintiff's] active range of motion appeared within functional limits except for trunk lateral flexion, trunk rotation, trunk flexion, and trunk extension. The overall records, however, is more supportive of a light exertional level, with the additional limitations in the above residual functional capacity. While the records document varying symptoms and physical examinations, normal strength, reflexes, and sensation were repeatedly noted. Diagnostic findings, such as nerve conduction testing, were also normal. Additionally, [Plaintiff] received only minimal treatment for her pain complaints. Thus, **the undersigned finds the overall evidence to be more supportive of the residual functional capacity provided herein**.
>
> **Some weight is assigned to the opinions of [Plaintiff's] treating provider, Suman Sharma, M.D.** While the [ALJ] agrees that [Plaintiff's] asthmatic condition would result in some environmental limitations, as discussed further above, **the undersigned does not find the overall evidence to be supportive of the extreme limitations provided by Dr. Sharma**. The undersigned notes that it appears that **Dr. Sharma attempts to base an opinion on [Mr. Banks' FCE], but such report has been misinterpreted**. For example, it appears that **Dr. Sharma misinterprets the sit/stand/walk limitations**, as it is not total time in the workday, but an ability to sit/stand/walk at one time. Regardless, the undersigned finds that **the extreme limitations in Dr. Sharma's opinion are more supportive of a sedentary exertional level, while the overall evidence supports a light exertional level with the additional postural and environmental limitations provided above**. Again, while the records document varying symptoms and physical examinations, normal strength, reflexes, and sensation were repeatedly noted. Diagnostic findings, such as nerve conduction testing, were also normal. Additionally, [Plaintiff] received only minimal treatment for her pain complaints.

(R. at 52-53 (emphasis added; internal citations omitted).) As a preliminary matter, the opinion of an occupational therapist – here, Mr. Banks – is "not entitled to any particular weight or deference," as "the ALJ has discretion to assign it any weight he feels appropriate based on the evidence of record." *Noto v. Comm'r of Soc. Sec.*, 632 Fed. Appx. 243, 248-249 (6th Cir. 2015) (citing cases); *Perschka v. Comm'r of Soc. Sec.,* 411 Fed. Appx. 781, 787 (6th Cir. 2010) (physical therapist could not provide evidence to establish a listed impairment because a therapist is not an acceptable medical source).  Further, the ALJ need not even provide reasons for failing to give Mr. Banks' opinion controlling weight, as that requirement only applies to

8

treating sources. *Engebrecht v. Comm'r of Soc. Sec.*, 572 F. App'x 392, 399 (6th Cir. 2014) ("As an 'other source' opinion, [a therapist's] opinion is not entitled to controlling weight, nor is the ALJ required to give reasons for failing to assign it controlling weight, as that requirement only applies to treating sources.") (citing *Ealy v. Comm'r of Soc. Sec.,* 594 F.3d 504, 514 (6th Cir. 2010). Accordingly, because the ALJ reviewed Mr. Banks' records but ultimately found them to be inconsistent with the remainder of the medical record, the ALJ did not err in affording only "[l]ittle weight" to Mr. Banks' FCE.

The ALJ's discussion of Dr. Sharma's opinion, however, requires a more in-depth analysis, as Dr. Sharma plainly is a "treating provider" under the applicable regulations. But even upon a closer review, it is clear that the ALJ provided a sufficient explanation for only affording Dr. Sharma's opinion "some weight." Specifically, the ALJ appropriately recognized that Dr. Sharma materially misunderstood the limitations set forth in Mr. Banks' FCE. (R. at 379.) After expressly referencing and incorporating the findings of the FCE, Dr. Sharma concluded that Plaintiff would not be able to walk, stand, or sit for more than 30 minutes "during an 8-hour day." (*Id.*) These conclusions, however, are entirely inconsistent with the FCE on which Dr. Sharma purported to rely, as Mr. Banks instead stated that Plaintiff could sit for "50-67%" of the entire day (but no more than 30 minutes at a time), stand for "25-33%" of the entire day (but no more than 15 minutes at a time), and walk for "10-15%" of the entire day (but no more than 10 minutes, or 600 feet, at a time). (*Compare* R. at 377 *with* R. at 379.)

Dr. Sharma's reliance on these misunderstood limitations, which had no basis in the record (and which the ALJ reasonably labeled "extreme"), was more than enough "good reason"

9

for the ALJ not to afford controlling weight to the entirety of Dr. Sharma's opinion.[4] And then, having articulated why he needed to review the remaining medical evidence, the ALJ cited substantial evidence to support his conclusion that "the overall evidence support[ed] a light exertional level with [] additional postural and environmental limitations." (R. at 53 (citing R. at 352-374, 381-410, 411-424, 725-735, 736-751.) Under these circumstances, the Undersigned agrees that "Plaintiff's arguments primarily amount to an impermissible request to have the Court reweigh the evidence in her favor." (ECF No. 12 at PAGEID # 812.) For these reasons, Plaintiff's assignment of error is not well taken.

## VI.   CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Based on the foregoing, it is therefore, **RECOMMENDED** that Plaintiff's Statement of Errors (ECF No. 11) be **OVERRULED** and that the Commissioner's decision be **AFFIRMED.**

## VII.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

---

[4] The Undersigned notes that the ALJ took no issue with Dr. Sharma's opinion regarding Plaintiff's environmental limitations. (R. at 53.)

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**Date: January 10, 2024**          */s/ Elizabeth A. Preston Deavers*
                                    **ELIZABETH A. PRESTON DEAVERS**
                                    **UNITED STATES MAGISTRATE JUDGE**