IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Angela W.,

        Plaintiff,

v.

Martin O'Malley, Acting Commissioner of
Social Security,

        Defendant.

Case No. 2:22-cv-3697

Judge Graham

Magistrate Judge Deavers

Opinion and Order

Plaintiff Angela W. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income benefits. This matter is before the Court for consideration of the Plaintiff's objection to the Magistrate Judge's Report and Recommendation, which recommended that the Court affirm the Commissioner's non-disability decision.

For the reasons stated below, the Court overrules Plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation.

**I.    Background**

Plaintiff protectively filed her application on January 12, 2016, alleging disability beginning January 1, 2015 due to back problems and acute asthma. After her application was initially denied, Plaintiff sought a *de novo* hearing before an administrative law judge (ALJ). On October 19, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. On September 17, 2019, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, which became the Commissioner's final decision.

The ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc and joint disease of the thoracic spine, asthma, and essential hypertension. The ALJ further found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ set forth Plaintiff's residual functional capacity as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except [Plaintiff] can frequently kneel, crouch, and climb ramps and stairs, and can occasionally stoop, crawl, and be exposed to extreme heat, extreme cold, humidity, wetness, dusts, odors, fumes, gases, and other pulmonary irritants, but she can never climb ladders, ropes, or scaffolds.

(R. at 47).

The ALJ determined that Plaintiff is capable of performing her past relevant work as an office manager, which does not require the performance of work-related activities precluded by her RFC. Finally, in light of a vocational expert's testimony, the ALJ found that Plaintiff can perform other jobs that exist in significant numbers in the national economy, including office helper and mail clerk. (R. at 54-55.) The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act.

Plaintiff timely filed this action. In pertinent part, she challenged the ALJ giving only "some weight" to a physical capacity evaluation conducted by a treating provider, Dr. Suman Sharma, on September 19, 2016. Plaintiff believed that Dr. Sharma's opinion of the limitations on Plaintiff's ability to walk, stand, sit, stoop and perform other postural and physical activities was entitled to controlling weight.

The Magistrate Judge recommended that the Commissioner's non-disability decision be affirmed. A key issue was Dr. Sharma's heavy reliance upon a functional capacity evaluation ("FCE") which had been performed by an occupational therapist a few days before Dr. Sharma's evaluation. Dr. Sharma completed the physical capacity evaluation form by marking checkboxes and filling in blank spaces. On the form, she indicated numerous times that she was relying upon the FCE to complete her evaluation. (R. at 379–80).

The Magistrate Judge agreed with the ALJ's analysis that Dr. Sharma had plainly either misread or misunderstood the limitations set forth in the FCE. This error resulted in Dr. Sharma taking a far more restrictive view of Plaintiff's ability to walk, stand, and sit than what the occupational therapist had actually reported on the FCE. The Magistrate Judge concluded, "Dr. Sharma's reliance on these misunderstood limitations, which had no basis in the record (and which the ALJ reasonably labeled 'extreme'), was more than enough 'good reason' for the ALJ not to afford controlling weight to the entirety of Dr. Sharma's opinion." Doc. 13 at PAGEID 835–36.

2

## II. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III. Plaintiff's Objection

Plaintiff raises a single objection and it concerns the weight which Dr. Sharma's evaluation of her physical limitations should be given.

An ALJ generally should defer to the opinions of treating sources, who are "likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone . . . ." 20 C.F.R. § 416.927(c)(2). If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [Plaintiff's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2).

If the ALJ declines to give controlling weight to a treating physician's opinion, the ALJ must provide "good reasons" for doing so. 20 C.F.R. § 416.927(c)(2). The ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, 375 Fed. App'x 543, 550 (6th Cir. 2010) (internal quotation marks omitted). The ALJ must make reference to one or more of the following factors: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

In her objection, Plaintiff does not dispute the Magistrate Judge's finding that Dr. Sharma misunderstood the occupational therapist's FCE as it related to Plaintiff's limitations on walking, standing, and sitting. Nor does she challenge the Magistrate Judge's conclusion that Dr. Sharma's evaluation of Plaintiff's ability to walk, stand, and sit was not supportable.

Plaintiff instead argues that Dr. Sharma's misunderstanding of those limitations did not justify the ALJ's refusal to give controlling weight to other aspects of Dr. Sharma's evaluation. In particular, Dr. Sharma found that Plaintiff could only occasionally do the following: stoop/bend, crouch, reach, twist, climb stairs, and lift and carry 15 pounds. (R. at 379–80). Plaintiff argues that the ALJ failed to adequately articulate why he did not give controlling weight to these other aspects of Dr. Sharma's evaluation.

Upon *de novo* review of the record, the Court disagrees with Plaintiff's argument that the ALJ failed to sufficiently articulate good reasons for giving the other aspects of Dr. Sharma's September 2016 evaluation only "some weight" instead of controlling weight. The ALJ expressly determined that other medical evidence, including treatment notes and objective testing, did not support the severity of the limitations stated by Dr. Sharma. The ALJ cited four sets of treatment notes, dating from August 2015 to September 2016, from medical providers who all found Plaintiff to have a full and normal range of motion of the back and all extremities. (R. at 48). Physical examinations "repeatedly" showed that she had normal strength, reflexes, and sensation. (R. at 52, 53). Diagnostic findings, including nerve conduction tests, were also normal.

The ALJ further noted that from November 2016 to June 2018, Plaintiff reported having pain in her back and legs which limited her range of motion. (R. at 49). The ALJ determined from the medical evidence and Plaintiff's testimony that these symptoms were controlled and manageable

4

with "minimal conservative treatment," including pain medication. (R. at 50). Plaintiff did not need to undergo physical therapy or injection therapy for her back. (R. at 52).

The ALJ noted that imaging of Plaintiff's lumbar spine did indicate some worsening over time. He determined that some postural limitations were appropriate, and therefore found that Plaintiff was capable of performing light work and could frequently[1] perform certain postural and physical activities. (R. at 51–52). The ALJ concluded that the objective medical evidence did not support the more restrictive limitations given by Dr. Sharma. (R. at 51–53).

The Court finds that the ALJ articulated good reasons for not giving Dr. Sharma's evaluation controlling weight. The ALJ expressly discussed the supportability of Dr. Sharma's evaluation and its inconsistency with the rest of the record. Upon *de novo* review, the Court concurs with the Magistrate Judge that the Commissioner's non-disability decision should be affirmed.

### IV.  Conclusion

For the reasons stated above, the Court overrules Plaintiff's objection (doc. 14) and adopts the Magistrate Judge's Report and Recommendation (doc. 13). The decision of the Commissioner is affirmed, and the Clerk of Court is directed to enter final judgment in this matter.

Date: July 16, 2024                                                          *s/ James L. Graham*
                                                                                          James L. Graham
                                                                                          United States District Judge

---

[1] "Frequently" is defined as being able to perform the activity 33-67% of the time. "Occasionally" is defined as being able to perform the activity 0-33% of the time. (R. at 377–78).